FILED

FEB 22 2022

CONNIE LADNER
BY: _____ CIRCUIT CLERK _____ D.C.

IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

DIANNA G. KINDINGER

PLAINTIFF

VERSUS

CIVIL ACTION NO. A2401-2022-57

WAL-MART STORES EAST, LP,
AND JOHN DOES 1-10

DEFENDANTS

## COMPLAINT

### (Trial by Jury Requested)

**COMES NOW** the Plaintiff, Dianna Kindinger, by and through her undersigned counsel of record, and files this Complaint against Defendant, Wal-Mart Stores East, LP and John Does 1-10, and in support thereof, would show unto this Honorable Court the following matters and facts, to-wit:

1.

## PARTIES

The Plaintiff, Dianna Kindinger, is domiciled and resides at 1955 Popps Ferry Road, Apt. C2014, Biloxi, Mississippi 39532, in the Second Judicial District of Harrison County, Mississippi.

2.

The Defendant, Wal-Mart Stores East, LP, is a foreign limited partnership incorporated in the State of Delaware with its principal place of business located at 702 SW 8th Street, Bentonville, Arkansas 72716. The Defendant is qualified to do business and currently in good standing with the State of Mississippi and may be served with process by serving its registered agent, CT Corporation System, located at 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232. The Defendant has a business location, where this slip and fall incident occurred, at 9350 Highway 49, Gulfport, Mississippi 39503.



DEFENDANT'S
EXHIBIT
A

3.

Defendants John Does 1-10 are individuals, corporations, or other entities that caused or contributed to the injuries and damages of the Plaintiff, Dianna Kindinger, provided herein, but whose identities at the present time are unknown to the Plaintiff.

4.

**JURISDICTION AND VENUE**

This Court has jurisdiction over this matter as provided in the *Miss. Const. art. 6, § 156* and the provisions of *Miss. Code Ann. § 9-7-81*.

5.

The substantial act, omission, and event that caused the injury occurred in Harrison County, Mississippi and pursuant to the provisions of *Miss. Code Ann. §11-11-3*, this Court has jurisdiction and venue is proper.

6.

Pursuant to the provisions of *Miss. Code Ann. § 11-1-53* venue is proper in the First Judicial District of Harrison County, Mississippi.

7.

**NEGLIGENCE**

Pursuant to the provisions of *Miss. Code Ann. § 11-7-17* and *Miss. Code Ann. § 11-7-15* the Plaintiff, Dianna Kindinger, expressly requests a trial by jury for all negligence herein.

8.

The Defendant, Wal-Mart Stores East, LP, operates a business known as Wal-Mart which is a business open to the public for the purpose of selling goods, general items, and merchandise.

9.

The Plaintiff, Dianna Kindinger, would state the Defendant, Wal-Mart Stores East, LP, transports goods, general items, and merchandise to its business in Gulfport, Mississippi and then stocks the goods, general items, and merchandise on the business store shelves for purchase by the public.

10.

The Plaintiff, Dianna Kindinger, would state that on April 10th, 2021, she was present and on the premises of the Defendant's, Wal-Mart Stores East, LP, business located in Gulfport, Mississippi, for the express purpose of purchasing goods, general items, and merchandise from the Defendant during business hours.

11.

At the same time and place, the Plaintiff, Dianna Kindinger, would state the Defendant, Wal-Mart Stores East, LP, is responsible for the operation, maintenance, and surveillance of its business located in Gulfport, Mississippi.

12.

At the same time and place, the Plaintiff, Dianna Kindinger, was lawfully upon the business premises of the Defendant, Wal-Mart Stores East, LP, in answer to the express or implied invitation of the Defendant, for the purpose of transacting business for their mutual advantage, and, as a result, was a business invitee of the Defendant.

13.

At the same time and place, the Defendant, Wal-Mart Stores East, LP, owed a duty to the Plaintiff, Dianna Kindinger, to exercise reasonable or ordinary care to keep the premises in a reasonably safe condition or to warn of dangerous conditions not readily apparent, which the Defendant knew of, or should have known of, in the exercise of reasonable care.

14.

At the same time and place, the Plaintiff, Dianna Kindinger, would state that while she was present on the Defendant's, Wal-Mart Stores East, LP, premises, exercising reasonable care and prudence as well as making reasonable use of her own faculties to observe and avoid dangers, the Plaintiff, while shopping for goods, general items, and merchandise on the business store shelves and walking aisle seventeen (17), slipped and fell violently to the floor because of slippery liquid laundry detergent not readily apparent on the floor, causing the Plaintiff to sustain severe pain and permanent personal injuries.

15.

At the same time and place, the Defendant, Wal-Mart Stores East, LP, owed a duty to the Plaintiff, Dianna Kindinger, to use ordinary care and diligence to keep the premises in a reasonably safe condition for an invitee, including the Plaintiff, from slippery liquid laundry detergent on the business floor which is dangerous, and to correct, remove, or warn of the slippery liquid laundry detergent on the floor, of which the Defendant knew, or in the exercise of reasonable care, should have known.

16.

The Plaintiff, Dianna Kindinger, would state that business invitees of the Defendant, Wal-Mart Stores East, LP, constantly walk the interior floors of the business premises during the course of the business day, and it is the Defendant's duty to maintain the floors in a reasonably safe manner from conditions which would render the Defendant's business dangerous and unsafe for those invitees, including the Plaintiff, or present an unreasonably dangerous risk of harm to invitees lawful use of the premises.

17.

The Plaintiff, Dianna Kindinger, would further state that it was the duty of the Defendant, Wal-Mart Stores East, LP, through inspection or other affirmative act, to exercise reasonable or ordinary care to keep the business premises in a reasonably safe condition and remove or warn the Plaintiff of a dangerous condition caused by the negligent and unsafe slippery liquid laundry detergent present on the business floor which is reasonably anticipated and likely to cause a slip and fall injury, similar to that of the Plaintiff, from reasonable, ordinary, and foreseeable walking on the business floor.

18.

The Plaintiff, Dianna Kindinger, would further show that it is the duty of the Defendant, Wal-Mart Stores East, LP, to exercise reasonable or ordinary care to maintain the premises in a reasonably safe condition, either by inspection or other affirmative act, and remove or to warn the Plaintiff of an unreasonably dangerous condition caused by the negligent and unsafe slippery liquid laundry detergent present on the business floor which is reasonably anticipated and likely to cause a slip and fall injury, similar to that of the Plaintiff, from reasonable, ordinary, and foreseeable walking on the business floor.

19.

The Plaintiff, Dianna Kindinger, would state that it was the duty of the Defendant, Wal-Mart Stores East, LP, to have sufficient personnel and equipment to properly inspect and maintain the business premises in a manner and condition reasonably safe for invitees.

20.

The Plaintiff, Dianna Kindinger, would state that it was the duty of the Defendant, Wal-Mart Stores East, LP, to warn the Plaintiff of slippery liquid laundry detergent on the business floor, and to warn the Plaintiff of the dangerous conditions posed by the presence of slippery liquid laundry detergent on the floor, and the Defendant, by and through its employees, while in the course and scope of their employment, carelessly and negligently failed to (1) remove the slippery liquid laundry detergent from the floor, or (2) failed to warn of the slippery liquid laundry detergent on the floor which rendered the floor dangerous and unsafe for the reasonable, ordinary, and foreseeable walking by the Plaintiff or other invitees.

21.

The Defendant, Wal-Mart Stores East, LP, created the condition filed herein, had actual or constructive knowledge of the dangerous condition, and failed to warn or maintain the business premise floors so that invitees could safely walk the interior aisles and not be subjected to the negligent, dangerous, and unreasonably dangerous condition.

22.

The Plaintiff, Dianna Kindinger, would state that the dangerous, unsafe, and unreasonably dangerous condition of the business floor due to the slippery liquid laundry detergent was known to the Defendant, in the exercise of reasonable care, and the Defendant's employees, agents, and servants because of the business aerial camera surveillance, the amount of travel in the area, and publicity of the location of the substance and failed to remove or warn the Plaintiff prior to her injuries.

23.

The Plaintiff, Dianna Kindinger, would state that the dangerous, unsafe, and unreasonably dangerous condition of the business floor due to the slippery liquid laundry detergent should have been known to the Defendant, in the exercise of reasonable care, and the Defendant's employees, agents, and servants because of the length of time the substance existed on the floor and failed to remove or warn the Plaintiff prior to her injuries.

24.

The Plaintiff, Dianne Kindinger, would state that the Defendant breached its aforementioned duty owed to the Plaintiff on April 10th, 2021, by having slippery liquid laundry detergent on the business floor in the following nonexclusive ways:

    (a) The Defendant failed to exercise reasonable or ordinary care to keep the premises in a reasonably safe condition or to warn of dangerous conditions not readily apparent, which the Defendant knew of, or should have known of, in the exercise of reasonable care;

    (b) The Defendant failed to exercise reasonable or ordinary care over the premises on which the Defendant operates its business and failed to provide reasonably safe

Page **7** of **11**

conditions for use of the premises in a manner consistent with the Defendant's invitation to the Plaintiff as a business invitee;

(c) The Defendant failed to warn the Plaintiff of the dangerous substance on the business floor and failed to warn the Plaintiff of the danger posed by the substance in allowing a dangerous and unsafe condition to exist on the Defendant's premises;

(d) The Defendant failed to remove the substance from the business floor;

(e) The Defendant failed to exercise reasonable or ordinary care to keep and maintain the premises in a reasonable safe condition for the Plaintiff by performing reasonable inspections or other affirmative acts from the danger of reasonably anticipated injury likely occurring from the reasonable, ordinary, and foreseeable use of the business floor, which was known or should have been known to the Defendant;

(f) The Defendant failed to use reasonable or ordinary care to provide a place of business which was reasonably safe from unreasonably dangerous conditions, and that the Defendant, by breach of this duty, exposed Plaintiff to an unreasonable risk of harm;

(g) The Defendant failed to take reasonable care as should be taken by prudent persons;

(h) The Defendant failed exercise reasonable or ordinary care to maintain reasonable and ordinary care of the place of business held open to the public at the express or implied invitation for mutual advantage.

(i) All other acts of negligence or gross negligence which are the cause of the slip and fall filed herein revealed by the way of discovery and at the trial of this matter.

25.

The Plaintiff, Dianna Kindinger, would state the Defendant's, Wal-Mart Stores East, LP, breach of duty and negligence by having slippery liquid laundry detergent on the business floor proximately caused or proximately contributed to the slip and fall injury and damages of the Plaintiff.

26.

The Plaintiff, Dianna Kindinger, would state the cause in fact and legal cause of the Defendant, Wal-Mart Stores East, LP, breach of duty and negligence to the Plaintiff, while she was exercising reasonable care on the Defendant's premises, resulted in her injuries which were proximately caused by the slippery liquid laundry detergent on the Defendant's business floor.

27.

The Plaintiff, Dianna Kindinger, would state as a proximate result of the Defendant, Wal-Mart Stores East, LP, breach of duty and negligence she has sustained the following nonexclusive foreseeable injuries:

(a) Severe and permanent injuries to left shoulder, arm, and side;

(b) Severe and permanent injuries to her right side and lower back radiating down her legs;

(c) Severe and permanent injuries to her neck, back, shoulders, and buttock region;

(d) Headaches, nerve damage, and severe bodily pain that has restricted physical activities which she was involved in prior to sustaining the injuries herein to include the inability to walk or move about on her own accord, operate a motor vehicle, provide comfort to her family, shower, bath, shop for groceries, cooking and baking, and enjoying life;

(e) Physical disability, either total or partial, consisting of total or partial loss of certain bodily functions;

(f) Months of physical therapy and rehabilitation;

(g) Plaintiff would show that she has incurred medical bills in the past and will continue to incur medical bills in the future, including, but not limited to, costs for hospital care, doctors care, therapists, medicines, pharmaceuticals, economic expenses, and other out of pocket expenses;

(h) The Plaintiff reserves the right to submit the total amount of medical bills at trial.

28.

The Plaintiff, Dianna Kindinger, would state that her injuries were caused by the slippery liquid laundry detergent on the Defendant's, Wal-Mart Stores East, LP, business floor in a natural and continuous sequence unbroken by any efficient intervening cause, and produced the injuries herein, without which the result would not have occurred.

29.

As a result, the Plaintiff, Dianna Kindinger, has suffered the following foreseeable economic and noneconomic damages, past, present, and future, as may be shown by a preponderance of the evidence: bills for medical treatment, physical pain and suffering including loss of enjoyment of life; fear for the future consequences of the injuries sustained; mental and emotional anguish and distress, permanent injuries and impairment.

30.

**RES IPSA LOQUITUR**

The Plaintiff, Dianna Kindinger, would state, incorporating by reference each of the foregoing paragraphs, the doctrine of res ipsa loquitur is applicable to the facts herein because the slippery liquid laundry detergent caused the Plaintiff's injury and was under the exclusive control, transported to and placed on the business store shelves, of the Defendant, Wal-Mart Stores East, LP, the slip and fall was such that in the ordinary course of maintaining reasonably safe conditions the incident would not have happened if the Defendant had used ordinary care, and the slip and fall injury was not due to any voluntary act on the part of the Plaintiff.

31.

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiff, Dianna Kindinger, demands judgment for all damages of and from the Defendant, Wal-Mart Stores East, LP, within the jurisdictional limits of this Honorable Court, together with pre-judgment and post-judgment interest, costs of court, and attorney fees, to be determined at the trial of this matter.

**RESPECTFULLY SUBMITTED,** this the _18_ day of February, 2022.

DIANNA G. KINDINGER

C. Ryan Bristol, MS Bar No. 105260
Attorney for the Plaintiff

OF COUNSEL:
C. Ryan Bristol, MS Bar No. 105260
C. RYAN BRISTOL, PLLC
ATTORNEY AT LAW
4257 Popps Ferry Road
D'Iberville, Mississippi 39540
Telephone No. 228.967.7870
Fax No. 228.967.7335
cryanbristol@outlook.com

| **COVER SHEET** | Court Identification Docket # | Case Year | Docket Number |
|---|---|---|---|
| **Civil Case Filing Form** | 2 4 1 CI | 2 0 2 2 | 6 0 0 5 7 |
| *(To be completed by Attorney/Party Prior to Filing of Pleading)* | County #   Judicial   Court ID<br>District   (CH, CI, CO) | | Local Docket ID |
| | 0 7 2 2 2 2 | | |
| Mississippi Supreme Court          Form AOC/01 | Month   Date   Year | | |
| Administrative Office of Courts          (Rev 2020) | This area to be completed by clerk | | Case Number if filed prior to 1/1/94 |

In the CIRCUIT [▼] Court of HARRISON [▼] County — FIRST [▼] Judicial District

**Origin of Suit (Place an "X" in one box only)**

| [X] Initial Filing | [ ] Reinstated | [ ] Foreign Judgment Enrolled | [ ] Transfer from Other court | [ ] Other |
|---|---|---|---|---|
| [ ] Remanded | [ ] Reopened | [ ] Joining Suit/Action | [ ] Appeal | |

**Plaintiff - Party(ies) Initially Bringing Suit Should Be Entered First - Enter Additional Plaintiffs on Separate Form**

Individual Kindinger                     Dianna                                                             G.

    Last Name               First Name          Maiden Name, if applicable     M.I.    Jr/Sr/III/IV

_____ Check ( x ) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
    Estate of _____

_____ Check ( x ) if Individual Plaintiff is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity
    D/B/A or Agency _____

**Business** _____

    Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated

_____ Check ( x ) if Business Plaintiff is filing suit in the name of an entity other than the above, and enter below:
    D/B/A _____

Address of Plaintiff  1955 Popps Ferry Road. Apt. C2014. Biloxi. Mississippi 39532

Attorney (Name & Address)  Christopher Ryan Bristol. 4257 Popps Ferry Road. D'Iberville. Mississippi 39540     MS Bar No. 105260

_____ Check ( x ) if Individual Filing Initial Pleading is NOT an attorney

Signature of Individual Filing: _____

**Defendant - Name of Defendant - Enter Additional Defendants on Separate Form**

Individual

    Last Name               First Name          Maiden Name, if applicable     M.I.    Jr/Sr/III/IV

_____ Check ( x ) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
    Estate of _____

__X__ Check ( x ) if Individual Defendant is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
    D/B/A or Agency  Wal-Mart

**Business** Wal-Mart Stores East, LP

    Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated

_____ Check ( x ) if Business Defendant is filing in the name of an entity other than the above, and enter below:
    D/B/A _____

Attorney (Name & Address) - If Known                                                   MS Bar No. _____

_____ Check ( x ) if child support is contemplated as an issue in this suit.*
*If checked, please submit completed Child Support Information Sheet with this Cover Sheet

**Nature of Suit (Place an "X" in one box only)**

| Domestic Relations | Business/Commercial | Children/Minors - Non-Domestic | Real Property |
|---|---|---|---|
| [ ] Child Custody/Visitation | [ ] Accounting (Business) | [ ] Adoption - Contested | [ ] Adverse Possession |
| [ ] Child Support | [ ] Business Dissolution | [ ] Adoption - Uncontested | [ ] Ejectment |
| [ ] Contempt | [ ] Debt Collection | [ ] Consent to Abortion | [ ] Eminent Domain |
| [ ] Divorce:Fault | [ ] Employment | [ ] Minor Removal of Minority | [ ] Eviction |
| [ ] Divorce: Irreconcilable Diff. | [ ] Foreign Judgment | [ ] Other _____ | [ ] Judicial Foreclosure |
| [ ] Domestic Abuse | [ ] Garnishment | **Civil Rights** | [ ] Lien Assertion |
| [ ] Emancipation | [ ] Replevin | [ ] Elections | [ ] Partition |
| [ ] Modification | [ ] Other _____ | [ ] Expungement | [ ] Tax Sale: Confirm/Cancel |
| [ ] Paternity | **Probate** | [ ] Habeas Corpus | [ ] Title Boundary or Easement |
| [ ] Property Division | [ ] Accounting (Probate) | [ ] Post Conviction Relief/Prisoner | [ ] Other _____ |
| [ ] Separate Maintenance | [ ] Birth Certificate Correction | [ ] Other _____ | **Torts** |
| [ ] Term. of Parental Rights-Chancery | [ ] Mental Health Commitment | **Contract** | [ ] Bad Faith |
| [ ] UIFSA (eff 7/1/97; formerly URESA) | [ ] Conservatorship | [ ] Breach of Contract | [ ] Fraud |
| [ ] Other _____ | [ ] Guardianship | [ ] Installment Contract | [ ] Intentional Tort |
| | [ ] Joint Conservatorship & Guardianship | [ ] Insurance | [ ] Loss of Consortium |
| **Appeals** | [ ] Heirship | [ ] Specific Performance | [ ] Malpractice - Legal |
| [ ] Administrative Agency | [ ] Intestate Estate | [ ] Other _____ | [ ] Malpractice - Medical |
| [ ] County Court | [ ] Minor's Settlement | **Statutes/Rules** | [ ] Mass Tort |
| [ ] Hardship Petition (Driver License) | [ ] Muniment of Title | [ ] Bond Validation | [X] Negligence - General |
| [ ] Justice Court | [ ] Name Change | [ ] Civil Forfeiture | [ ] Negligence - Motor Vehicle |
| [ ] MS Dept Employment Security | [ ] Testate Estate | [ ] Declaratory Judgment | [X] Premises Liability |
| [ ] Municipal Court | [ ] Will Contest | [ ] Injunction or Restraining Order | [ ] Product Liability |
| [ ] Other _____ | [ ] Alcohol/Drug Commitment (Involuntary) | [ ] Other _____ | [ ] Subrogation |

| **Children/Minors - Non-Domestic** (top section) | |
|---|---|
| [ ] Alcohol/Drug Commitment (Voluntary) | |
| [ ] Other _____ | |

[ ] Wrongful Death
[ ] Other _____

**IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI**
**FIRST JUDICIAL DISTRICT**

DIANNA G. KINDINGER                                           PLAINTIFF

VERSUS                                   CIVIL ACTION NO. A2401-2022-57

WAL-MART STORES EAST, LP,                                     DEFENDANTS
AND JOHN DOES 1-10

<u>**SUMMONS**</u>

THE STATE OF MISSISSIPPI

TO:    Wal-Mart Stores East, LP              (Or, wherever it might be found)
       CT Corporation System
       645 Lakeland East Drive, Suite 101
       Flowood, Mississippi 39232

**NOTICE TO DEFENDANT(S)**

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU
MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written response to the Complaint to
C. Ryan Bristol, Esq. of C. Ryan Bristol, PLLC, Attorney at Law, the attorney for the Plaintiff, whose
office address is 4257 Popps Ferry Road, D'Iberville, Mississippi 39540. Your response must be
mailed or delivered within thirty (30) days from the date of delivery of this summons and complaint
or a judgment by default will be entered against you for the money or other things demanded in the
complaint.

You must file the original of your response with the Clerk of this Court within a reasonable
time afterward.

Issued under my hand and the seal of said Court, this the 22 day of February, 2022.

CONNIE LADNER, CIRCUIT CLERK
HARRISON COUNTY, MISSISSIPPI

By: _____
    Deputy Clerk

STATE OF MISSISSIPPI
COUNTY OF RANKIN

**PROOF OF SERVICE - SUMMONS**

Wal-Mart Stores East, LP
CT Corporation System
645 Lakeland East Drive, Suite 101
Flowood, Mississippi 39232

_____
Name of Person or Entity to be Served

     I, the undersigned process server, served a summons and a copy of the complaint upon the person or entity above in the matter set forth below:

X PERSONAL SERVICE. I personally delivered copies to CT Corporation System on the _23_ day of _February_____, 2022, where I found it in Rankin County, Mississippi.

At the time of service, I was over the age of eighteen (18) years and not a party to this action.

Process Server Information

Name:    **Charles Lindsay**

Social Security No.:

Address & Telephone No.:     **CHARLES LINDSAY**
                                 **P.O. BOX 1656**

Fee for Service:                  **BRANDON, MS  39043**
                                 **601-941-6348**

STATE OF MISSISSIPPI
COUNTY OF RANKIN

AFFIRMATION

     Personally, came and appeared before me, the undersigned authority in and for the state and county aforesaid, the within named,   **Charles Lindsay**  , who after being duly sworn, states upon his/her oath that the matters and things set forth in the above and foregoing "Proof of Service-Summons" are true and correct as therein stated.

WITNESS my signature, this _26_ day of _February_____, 2022.

                                                  _____
                                                  Process Server Signature

Sworn to and subscribed before me, this the _26_ day of _February_____, 2022.

My Commission Expires:                               _____
                                                NOTARY PUBLIC

STATE OF MISSISSIPPI
NOTARY PUBLIC
ID # 289851
JASON SMITH
Commission Expires:
March 1, 2025
RANKIN COUNTY

Page 1 of 1

1

## IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
### FIRST JUDICIAL DISTRICT

**DIANNA G. KINDINGER**                                              **PLAINTIFF**

**VERSUS**                                    CIVIL ACTION NO. A2401-2022-57

**WAL-MART STORES EAST, LP,**                                        **DEFENDANTS**
**AND JOHN DOES 1-10**

### SUMMONS

THE STATE OF MISSISSIPPI

TO:    Wal-Mart Stores East, LP                    (Or, wherever it might be found)
       CT Corporation System
       645 Lakeland East Drive, Suite 101
       Flowood, Mississippi 39232

### NOTICE TO DEFENDANT(S)

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written response to the Complaint to C. Ryan Bristol, Esq. of C. Ryan Bristol, PLLC, Attorney at Law, the attorney for the Plaintiff, whose office address is 4257 Popps Ferry Road, D'Iberville, Mississippi 39540. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this summons and complaint or a judgment by default will be entered against you for the money or other things demanded in the complaint.

You must file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and the seal of said Court, this the 22 day of February, 2022.

CONNIE LADNER, CIRCUIT CLERK
HARRISON COUNTY, MISSISSIPPI

By: _____
    Deputy Clerk

STATE OF MISSISSIPPI
COUNTY OF RANKIN

## PROOF OF SERVICE - SUMMONS

Wal-Mart Stores East, LP
CT Corporation System
645 Lakeland East Drive, Suite 101
Flowood, Mississippi 39232

_____
Name of Person or Entity to be Served

    I, the undersigned process server, served a summons and a copy of the complaint upon the person or entity above in the matter set forth below:

X PERSONAL SERVICE. I personally delivered copies to CT Corporation System on the _23_ day of _February_____, 2022, where I found it in Rankin County, Mississippi.

At the time of service, I was over the age of eighteen (18) years and not a party to this action.

Process Server Information

Name:    **Charles Lindsay**

Social Security No.:

Address & Telephone No.:    **CHARLES LINDSAY**
    **P.O. BOX 1656**
    **BRANDON, MS 39043**
Fee for Service:    **601-941-6348**

STATE OF MISSISSIPPI
COUNTY OF RANKIN

AFFIRMATION

    Personally, came and appeared before me, the undersigned authority in and for the state and county aforesaid, the within named, ____**Charles Lindsay**____, who after being duly sworn, states upon his/her oath that the matters and things set forth in the above and foregoing "Proof of Service-Summons" are true and correct as therein stated.

    WITNESS my signature, this _26_ day of _February_____, 2022

                                  Process Server Signature

    Sworn to and subscribed before me, this the _26_ day of _February_____, 2022.

My Commission Expires:                                NOTARY PUBLIC

*(Notary seal: STATE OF MISSISSIPPI NOTARY PUBLIC ID # 289851 JASON SMITH Commission Expires March 1, 2025 RANKIN COUNTY)*

Page 1 of 1

**CT Corporation**

**Service of Process Transmittal**
02/23/2022
CT Log Number 541110265

| | |
|---|---|
| **TO:** | KIM LUNDY- EMAIL<br>Walmart Inc.<br>GLOBAL GOVERNANCE/CENTRAL INTAKE, 2914 SE I STREET MS#0200<br>BENTONVILLE, AR 72712-3148 |
| **RE:** | **Process Served in Mississippi** |
| **FOR:** | Wal-Mart Stores East, LP  (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: KINDINGER DIANNA G. // To: Wal-Mart Stores East, LP |
| **DOCUMENT(S) SERVED:** | Summons, Attachment(s), Complaint |
| **COURT/AGENCY:** | Harrison County Circuit Court, First Judicial District, MS<br>Case # 24CI122CV00057 |
| **NATURE OF ACTION:** | Personal Injury - Slip/Trip and Fall - 04/10/2021, at 9350 Highway 49, Gulfport, Mississippi 39503 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Flowood, MS |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 02/23/2022 at 14:52 |
| **JURISDICTION SERVED :** | Mississippi |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days from the date of delivery |
| **ATTORNEY(S) / SENDER(S):** | C. Ryann Bristol<br>C. Ryan Bristol, PLLC<br>4257 Popps Ferry Road<br>D'Iberville, MS 39540<br>228-967-7870 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 02/24/2022, Expected Purge Date: 03/01/2022<br><br>Image SOP |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>645 Lakeland East Drive<br>Suite 101<br>Flowood, MS 39232<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

**IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI**
**FIRST JUDICIAL DISTRICT**

DIANNA G. KINDINGER,                    *
                                        *
     Plaintiff,                         *
                                        *
vs.                                     *          CASE NO. 24CI1:22-CV-00057
                                        *
WAL-MART STORES EAST, LP                *
JOHN DOES 1-10                          *
                                        *
                                        *
     Defendants.                        *


## ANSWER

Defendant, Wal-Mart Stores East, L.P. ("Wal-Mart"), answers Plaintiff's Complaint as follows with each numbered paragraph corresponding to the numbered paragraphs of Plaintiff's Complaint:


1.

## PARTIES

Wal-Mart is without knowledge and information sufficient to form a belief as to Plaintiff's age or residency, but at this time, admits the same.


2.

Wal-Mart Stores East, L.P. admits it is a Delaware limited partnership with its principal place of business in Arkansas which may be served via its registered agent.   Wal-Mart does business in various places in Mississippi, and admits it may be served via its registered agent for process. Wal-Mart further admits that at all times pertinent herein, it was the operator of the premises where this incident allegedly occurred in Gulfport, Mississippi.

3.

To the extent this paragraph refers to fictitious parties or entities other than Wal-Mart, no response from Wal-Mart is required. To the extent this paragraph asserts or implies allegations against Wal-Mart, the same are denied and strict proof thereof is demanded.

## JURISDICTION AND VENUE

4.

Wal-Mart admits that, at the present time, this Court has jurisdiction over this matter since this incident allegedly occurred in Harrison County, Mississippi. Wal-Mart denies that Plaintiff is entitled to any recovery in this matter.

5.

Wal-Mart admits that, at the present time, venue is proper in the Circuit Court of Harrison County since this incident allegedly occurred in Harrison County, Mississippi. Wal-Mart denies that "a substantial act or omission" occurred that caused Plaintiff's injury, and denies Plaintiff is entitled to any recovery in this matter.

6.

Wal-Mart admits that, at the present time, venue is proper in the First Judicial District of Harrison County, Mississippi.  Wal-Mart denies that Plaintiff is entitled to any recovery in this matter.

## NEGLIGENCE

7.

Wal-Mart also demands trial by struck jury, and denies Plaintiff is entitled to any recovery in this matter and demands strict proof thereof.

8.

Wal-Mart admits that at all times pertinent herein, it operated a retail establishment in Gulfport, Mississippi and was engaged in the business of, among other things, the sale of merchandise to the general public. To the extent this paragraph asserts or implies allegations against Wal-Mart, the same are denied and strict proof thereof is demanded.

9.

Wal-Mart admits that at all times pertinent herein, it operated a retail establishment in Gulfport, Mississippi and was engaged in the business of, among other things, the sale of merchandise to the general public, which includes the transportation of goods and stocking of shelves.  To the extent this paragraph asserts or implies allegations against Wal-Mart, the same are denied and strict proof thereof is demanded.

10.

Wal-Mart admits that Plaintiff, Dianna Kindinger, was present on its premises at the Wal-Mart store located in Gulfport, Mississippi, on or about April 10, 2020.  Wal-Mart is without knowledge and information sufficient to form a belief as to the allegations concerning Plaintiff's purpose for her presence at Wal-Mart and, therefore, must deny the same and demand strict proof thereof.  Wal-Mart denies the remaining allegations of this paragraph and demands strict proof thereof.

11.

Wal-Mart admits that at all times pertinent herein, it was the operator of the premises where this incident occurred in Gulfport, Mississippi. Wal-Mart denies the remaining allegations of this paragraph and demands strict proof thereof.

12.

Wal-Mart admits that Plaintiff, Dianna Kindinger, was present on its premises at the Wal-Mart store located in Gulfport, Mississippi, on or about April 10, 2020.  Wal-Mart is without knowledge and information sufficient to form a belief as to the allegations concerning Plaintiff's purpose for her presence at Wal-Mart or her status as a "business invitee" and, therefore, must deny the same and demand strict proof thereof.  Wal-Mart denies the remaining allegations of this paragraph and demands strict proof thereof.

13.

Wal-Mart admits that the law imposes certain duties upon it as the operator of a retail establishment, which laws speak for themselves. Wal-Mart denies the remaining allegations of this paragraph and demands strict proof thereof.

14.

Wal-Mart admits that Plaintiff, Dianna Kindinger, was present on its premises at the Wal-Mart store located in Gulfport, Mississippi, on or about April 10, 2020, and was involved in an incident.  Wal-Mart is without knowledge and information sufficient to form a belief as to the allegations concerning Plaintiff's conduct while she was present on its premises, or the allegations relating to the circumstances of how the incident occurred and, therefore, must deny the same and demand strict proof thereof.  Wal-Mart is also without knowledge and information sufficient to form a belief as to the allegations concerning Plaintiff's medical condition and, therefore, must deny the same and demand strict proof thereof. Wal-Mart denies it breached any duty owed to Plaintiff, and denies its conduct was the proximate cause of this incident. Wal-Mart denies the remaining allegations of this paragraph and demands strict proof thereof.

15.

Wal-Mart admits that the law imposes certain duties upon it as the operator of a retail establishment, which laws speak for themselves. Wal-Mart denies it breached any duty owed to Plaintiff, and denies its conduct was the proximate cause of this incident. Wal-Mart denies the remaining allegations of this paragraph and demands strict proof thereof.

16.

Wal-Mart admits that the law imposes certain duties upon it as the operator of a retail establishment, which laws speak for themselves. Wal-Mart denies it breached any duty owed to Plaintiff, and denies its conduct was the proximate cause of this incident. Wal-Mart denies the remaining allegations of this paragraph and demands strict proof thereof.

17.

Wal-Mart admits that the law imposes certain duties upon it as the operator of a retail establishment, which laws speak for themselves. Wal-Mart denies it breached any duty owed to Plaintiff, and denies its conduct was the proximate cause of this incident. Wal-Mart denies the remaining allegations of this paragraph and demands strict proof thereof.

18.

Wal-Mart admits that the law imposes certain duties upon it as the operator of a retail establishment, which laws speak for themselves. Wal-Mart denies it breached any duty owed to Plaintiff, and denies its conduct was the proximate cause of this incident. Wal-Mart denies the remaining allegations of this paragraph and demands strict proof thereof.

19.

Wal-Mart admits that the law imposes certain duties upon it as the operator of a retail establishment, which laws speak for themselves. Wal-Mart denies it breached any duty owed to Plaintiff, and denies its conduct was the proximate cause of this incident. Wal-Mart denies the remaining allegations of this paragraph and demands strict proof thereof.

20.

Wal-Mart denies the allegations of this paragraph and demands strict proof thereof.

21.

Wal-Mart denies the allegations of this paragraph and demands strict proof thereof.

22.

Wal-Mart denies the allegations of this paragraph and demands strict proof thereof.

23.

Wal-Mart denies the allegations of this paragraph and demands strict proof thereof.

24.

Wal-Mart denies the allegations of this paragraph, including all allegations in subparts (a) through (i), and demands strict proof thereof.

25.

Wal-Mart denies that it breached any duty owed to Plaintiff, and further denies its conduct constituted negligence and demands strict proof thereof. Wal-Mart also denies its conduct was the direct

and proximate cause or contributing cause of Plaintiff's injuries and damages, if any, and demands strict proof thereof. Wal-Mart denies the remaining allegations of this paragraph and demands strict proof thereof.

26.

Wal-Mart denies that it breached any duty owed to Plaintiff, and further denies its conduct constituted negligence and demands strict proof thereof. Wal-Mart also denies its conduct was the direct and proximate cause or contributing cause of Plaintiff's injuries and damages, if any, and demands strict proof thereof. Wal-Mart denies the remaining allegations of this paragraph and demands strict proof thereof.

27.

Wal-Mart denies that it breached any duty owed to Plaintiff, and further denies its conduct constituted negligence and demands strict proof thereof. Wal-Mart also denies its conduct was the direct and proximate cause or contributing cause of Plaintiff's injuries and damages, if any, and demands strict proof thereof. Wal-Mart is without knowledge and information sufficient to form a belief as to the allegations concerning Plaintiff's medical condition or alleged injuries and, therefore, must deny subparts (a) through (h) and demands strict proof thereof. Wal-Mart denies the remaining allegations of this paragraph and demands strict proof thereof.

28.

Wal-Mart denies that it breached any duty owed to Plaintiff, and further denies its conduct constituted negligence and demands strict proof thereof. Wal-Mart also denies its conduct was the direct and proximate cause or contributing cause of Plaintiff's injuries and damages, if any, and demands strict

proof thereof. Wal-Mart denies the remaining allegations of this paragraph and demands strict proof thereof.

### 29.

Wal-Mart denies that it breached any duty owed to Plaintiff, and further denies its conduct constituted negligence and demands strict proof thereof. Wal-Mart also denies its conduct was the direct and proximate cause or contributing cause of Plaintiff's injuries and damages, if any, and demands strict proof thereof. Wal-Mart is without knowledge and information sufficient to form a belief as to the allegations concerning Plaintiff's medical condition or alleged injuries and, therefore, must deny same and demands strict proof thereof. Wal-Mart denies the remaining allegations of this paragraph and demands strict proof thereof.

## **RES IPSA LOQUITUR**

### 30.

Wal-Mart denies the doctrine of *res ipsa loquitor* applies in this matter and demands strict proof thereof. Wal-Mart denies the remaining allegations of this paragraph and demands strict proof thereof.

### 31.

Wal-Mart denies the allegations of the unnumbered paragraph following paragraph 31 beginning "Wherefore, premises considered," and specifically denies that the Plaintiff is entitled to any recovery whatsoever.

## **AFFIRMATIVE DEFENSES**

1.    Defendant denies each and every material allegation of Plaintiff's Complaint not otherwise addressed and demands strict proof thereof.

2.    Plaintiff was guilty of negligence that caused or contributed to cause the injuries about which she complains.

3.    The alleged hazard about which Plaintiff complains was open and obvious, thereby obviating any duty and precluding Plaintiff from recovering damages under Mississippi law.

4.    Defendant did not have notice of the alleged hazard about which Plaintiff complains, and therefore, under Mississippi law Defendant owed Plaintiff no duty to eliminate the alleged hazard.

5.    No act or omissions of this Defendant was the proximate cause of any injury to Plaintiff.

6.    Defendant owed Plaintiff no duty as alleged, the breach of which caused or contributed to the cause of the Plaintiff's injuries.

7.    Plaintiff's injuries and damages were the result of an intervening and/or superseding cause; therefore, Plaintiff should not recover from Defendant.

8.    Defendant respectfully demands credit for any and all monies paid to, or on behalf of, Plaintiff from any and all collateral sources.

9.    Plaintiff, in whole or in part, failed to mitigate her alleged damages, and therefore is precluded from recovery.

10.    Plaintiff's alleged damages are the result of a condition and/or injury which predates the incident made the basis of her Complaint and having no causal relationship with this defendant.

11.    Defendant reserves the right to add and/or supplement these affirmative defenses as discovery in this matter has not yet begun.

**DEFENDANT DEMANDS TRIAL BY STRUCK JURY**

Respectfully submitted on March 25, 2022.

/s/ W. Pemble Delashmet
W. PEMBLE DELASHMET  (MS 8840)
wpd@delmar-law.com
CHAD C. MARCHAND      (MS 102752)
ccm@delmar-law.com
MIGNON M. DELASHMET  (MS 2896)
mmd@delmar-law.com
*Attorneys for Defendant Wal-Mart Stores East, LP*

OF COUNSEL:

DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, AL  36652
Telephone:     (251) 433-1577
Facsimile:     (251) 433-7994

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have on this day March 25, 2022 served a copy of the foregoing pleading upon counsel as listed below by depositing the same in the U. S. Mail, postage prepaid and properly addressed.

C. Ryan Bristol
C. Ryan Bristol, PLLC Attorney at Law
4257 Popps Ferry Rd.
D'Iberville, MS   39540

/s/ W. Pemble DeLashmet
OF COUNSEL

**IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI**
**FIRST JUDICIAL DISTRICT**

DIANNA G. KINDINGER,                              *
                                                 *
     Plaintiff,                                 *
                                                 *
vs.                                              *     CASE NO. 24CI1:22-CV-00057
                                                 *
WAL-MART STORES EAST, LP                         *
JOHN DOES 1-10                                   *
                                                 *
                                                 *
     Defendants.                                *

**NOTICE OF SERVICE**

    COMES NOW Defendant, WAL-MART STORES EAST, LP., and hereby gives notice to the

Court that the following has been served on Plaintiff:

1.    First Set of Interrogatories and Requests for Production of Documents from Defendant Wal-Mart to Plaintiff;

2.    Requests for Admission and Second Set of Requests for Production of Documents from Defendant Wal-Mart to Plaintiff.

                        /s/ W. Pemble Delashmet
                        W. PEMBLE DELASHMET  (MS 8840)
                        wpd@delmar-law.com
                        CHAD C. MARCHAND      (MS 102752)
                        ccm@delmar-law.com
                        MIGNON M. DELASHMET  (MS 2896)
                        mmd@delmar-law.com
                        *Attorneys for Defendant Wal-Mart Stores East, LP*

OF COUNSEL:

DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, AL  36652
Telephone:    (251) 433-1577
Facsimile:    (251) 433-7994

<u>CERTIFICATE OF SERVICE</u>

     I hereby certify that I have on this day March 25, 2022 served a copy of the foregoing document upon counsel as listed below by electronic mail and/or depositing the same in the U. S. Mail, postage prepaid and properly addressed.

C. Ryan Bristol
C. Ryan Bristol, PLLC Attorney at Law
4257 Popps Ferry Rd.
D'Iberville, MS   39540

*/s/ W. Pemble DeLashmet*
OF COUNSEL

**IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI**
**FIRST JUDICIAL DISTRICT**

| | | |
|---|---|---|
| DIANNA G. KINDINGER, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | CASE NO. 24CI1:22-CV-00057 |
| | * | |
| WAL-MART STORES EAST, LP | * | |
| JOHN DOES 1-10 | * | |
| | * | |
| | * | |
| Defendants. | * | |

## <u>REQUEST TO SERVE SUBPOENAS ON NON-PARTIES</u>

Take notice that upon the expiration of fifteen (15) days (or such other time as the court

has allowed) from the date of service of this notice, Defendant Wal-Mart Stores East, LP, will

issue subpoenas to be directed to the non-parties whose addresses are listed below to produce

the documents and/or things identified in said subpoenas, at the time and place specifiedtherein:

Merit Health Biloxi
ATTN: RECORDS CUSTODIAN
150 Reynoir St.
Biloxi, MS 39530

Memorial Hospital at Gulfport/
Memorial Physicians Clinics
ATTN: RECORDS CUSTODIAN
4500 13th Street
Gulfport, MS 39502

Respectfully submitted,

*/s/ W. Pemble DeLashmet*
W. PEMBLE DELASHMET          (MS8840)
wpd@delmar-law.com
CHAD C. MARCHAND             (MS102752)
ccm@delmar-law.com
MIGNON M. DELASHMET          (MS2896)
mmd@delmar-law.com
*Attorneys for Defendant Wal-Mart Stores, Inc.*


OF COUNSEL:

**DELASHMET & MARCHAND, P.C.**
Post Office Box 2047
Mobile, AL  36652
Telephone:    (251) 433-1577
Facsimile:    (251) 433-7994


## <u>CERTIFICATE OF SERVICE</u>


I hereby certify that I have on this day March 25, 2022 served a copy of the foregoing document upon counsel as listed below by Electronic Filing System and/or depositing the same in the U. S. Mail, postage prepaid and properly addressed.


C. Ryan Bristol
C. Ryan Bristol, PLLC Attorney at Law
4257 Popps Ferry Rd.
D'Iberville, MS   39540


*/s/ W. Pemble DeLashmet*
OF COUNSEL

## IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
## FIRST JUDICIAL DISTRICT

DIANNA G. KINDINGER,                    *
                                        *
         Plaintiff,                     *
                                        *
vs.                                     *          CASE NO. 24CI1:22-CV-00057
                                        *
WAL-MART STORES EAST, LP                *
JOHN DOES 1-10                          *
                                        *
                                        *
         Defendants.                    *

## CIVIL SUBPOENA DUCES TECUM

STATE OF MISSISSIPPI:

TO:    **Merit Health Biloxi**
       **ATTN: RECORDS CUSTODIAN**
       **150 Reynoir St.**
       **Biloxi, MS 39530**

       Pursuant to Rule 45(b)(2) of the Mississippi Rules of Civil Procedure, you are ordered to be and appear at the offices of DeLashmet & Marchand, 462 Dauphin Street, Mobile, Alabama 36602, within ten (10) days after service of this subpoena, and to produce and bring with him/her the following documents, or in the alternative, to mail the documents listed below to W. Pemble DeLashmet, 462 Dauphin Street, Mobile, Alabama 36602:

> **\*\*\*CERTIFIED COPIES\*\*\*** of your COMPLETE file, including, but not limited to, any and all records, emergency room records, outpatient records, radiological films and reports, writings, documents, reports, correspondence, memoranda, laboratory results, billing records showing all charges, payments and adjustments, ledgers, and in your possession or under your control relative to any examination, care and treatment of **Dianna Kindinger (DOB: 07/28/1950, SSN: xxx-xx-9746).**

       Please COMPLETE the attached certificate and RETURN it with the records.

       **PURSUANT TO THE HEALTH INSURANCE PORTABILITY AND ACCOUNTABILITY ACT OF 1996 (HIPAA), 45 C.F.R. § 164.512(e): The subject of these records, or his/her personal representative by and through his/her attorney of record, has been notified in writing of this subpoena for records. Attached hereto is a copy of the**

written notice, which included sufficient information about the litigation in which the protected health information is requested to permit the individual to raise an objection to the court. The time for the individual to raise an objection to the court has elapsed and either no objections were filed, or any objections filed by the individual have been resolved by the court and the disclosures being sought are consistent with such a resolution.

        **Failure to comply with this subpoena may be grounds for contempt of Court.**

        **Consider this subpoena ongoing in nature.** You must provide additional medical records and reports until litigation is concluded.

        **This subpoena duces tecum does not require your appearance.** The items requested may be delivered by you in person or by United States mail to arrive at the aforesaid location on or before the date and time stated herein.

        **HEREIN YOU SHALL NOT FAIL UNDER PENALTY IN SUCH CASE PROVIDED,** and have then and there this writ.

WITNESS my signature and seal of office this the 28th day of March 2022.

Clerk of Circuit Court
Harrison County, Mississippi

By: _____
        Deputy Clerk

CONNIE LADNER, CIRCUIT CLERK
HARRISON COUNTY
PO BOX 998
GULFPORT, MS 39502

## RETURN ON SERVICE

Received this subpoena at _____.m. on _____ and on _____ at _____.m. I served it on the within named _____ by delivering a copy of this civil subpoena.

Dated _____, 2022.

_____
Process Server

**IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI**
**FIRST JUDICIAL DISTRICT**

DIANNA G. KINDINGER,                           *
                                               *
      Plaintiff,                           *
                                               *
vs.                                            *          CASE NO. 24CI1:22-CV-00057
                                               *
WAL-MART STORES EAST, LP                       *
JOHN DOES 1-10                                 *
                                               *
                                               *
      Defendants.                          *

## CERTIFICATE

    I, _____, hereby certify and affirm in writing, that I am the Record

Custodian for **Merit Health Biloxi** and that the within copy of said records are an exact, full,

true and correct copy of said medical records pertaining to **Dianna Kindinger** kept in the

records office.

    I further certify that I am personally familiar with and know that the records were made

and kept in the usual and regular course of business of said office and it was in the regular course

of business of said office to make and keep said records and that said records were made at the

time of the acts, transactions, occurrences or events to which they refer, or within a reasonable

time thereafter.  All of which I hereby certify and affirm on this _____day of _____, 2022.


                              _____
                                CUSTODIAN OF RECORDS

    Sworn and subscribed to before me on this ___ day of _____, 2022.

_____

NOTARY PUBLIC
My Commission Expires:

## IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
## FIRST JUDICIAL DISTRICT

DIANNA G. KINDINGER,    *

          *

  Plaintiff,      *

          *

vs.           *   CASE NO. 24CI1:22-CV-00057

          *

WAL-MART STORES EAST, LP  *

JOHN DOES 1-10     *

          *

          *

  Defendants.     *

## CIVIL SUBPOENA DUCES TECUM

STATE OF MISSISSIPPI:

TO: **Memorial Hospital at Gulfport/**
  **Memorial Physicians Clinics**
  **ATTN: RECORDS CUSTODIAN**
  **4500 13th Street**
  **Gulfport, MS 39502**

   Pursuant to Rule 45(b)(2) of the Mississippi Rules of Civil Procedure, you are ordered to be and appear at the offices of DeLashmet & Marchand, 462 Dauphin Street, Mobile, Alabama 36602, within ten (10) days after service of this subpoena, and to produce and bring with him/her the following documents, or in the alternative, to mail the documents listed below to W. Pemble DeLashmet, 462 Dauphin Street, Mobile, Alabama 36602:

       **\*\*\*CERTIFIED COPIES\*\*\*** of your COMPLETE file, including, but not limited to, any and all records, emergency room records, outpatient records, radiological films and reports, writings, documents, reports, correspondence, memoranda, laboratory results, billing records showing all charges, payments and adjustments, ledgers, and in your possession or under your control relative to any examination, care and treatment of **Dianna Kindinger (DOB: 07/28/1950, SSN: xxx-xx-9746).**

   Please COMPLETE the attached certificate and RETURN it with the records.

   **PURSUANT TO THE HEALTH INSURANCE PORTABILITY AND ACCOUNTABILITY ACT OF 1996 (HIPAA), 45 C.F.R. § 164.512(e): The subject of these records, or his/her personal representative by and through his/her attorney of record, has**

been notified in writing of this subpoena for records.  Attached hereto is a copy of the written notice, which included sufficient information about the litigation in which the protected health information is requested to permit the individual to raise an objection to the court.  The time for the individual to raise an objection to the court has elapsed and either no objections were filed, or any objections filed by the individual have been resolved by the court and the disclosures being sought are consistent with such a resolution.

Failure to comply with this subpoena may be grounds for contempt of Court.

Consider this subpoena ongoing in nature.  You must provide additional medical records and reports until litigation is concluded.

This subpoena duces tecum does not require your appearance.  The items requested may be delivered by you in person or by United States mail to arrive at the aforesaid location on or before the date and time stated herein.

HEREIN YOU SHALL NOT FAIL UNDER PENALTY IN SUCH CASE PROVIDED, and have then and there this writ.

WITNESS my signature and seal of office this the 28th day of March, 2022.

Clerk of Circuit Court
Harrison County, Mississippi

By: _____
            Deputy Clerk

CONNIE LADNER, CIRCUIT CLERK
HARRISON COUNTY, MISSISSIPPI
PO BOX 998
GULFPORT, MS 39502

## RETURN ON SERVICE

     Received this subpoena at _____.m. on_____ and on _____ at
_____.m. I served it on the within named _____ by delivering a
copy of this civil subpoena.

Dated _____, 2022.

                                              _____

                                              Process Server

## IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
### FIRST JUDICIAL DISTRICT

DIANNA G. KINDINGER,                          *
                                              *
     Plaintiff,                        *
                                              *
vs.                                           *          CASE NO. 24CI1:22-CV-00057
                                              *
WAL-MART STORES EAST, LP                      *
JOHN DOES 1-10                                *
                                              *
                                              *
     Defendants.                       *


### CERTIFICATE

    I, _____, hereby certify and affirm in writing, that I am the Record

Custodian for **Memorial Hospital at Gulfport/ Memorial Physicians Clinics** and that the

within copy of said records are an exact, full, true and correct copy of said medical records

pertaining to **Dianna Kindinger** kept in the records office.

    I further certify that I am personally familiar with and know that the records were made

and kept in the usual and regular course of business of said office and it was in the regular course

of business of said office to make and keep said records and that said records were made at the

time of the acts, transactions, occurrences or events to which they refer, or within a reasonable

time thereafter. All of which I hereby certify and affirm on this _____ day of _____, 2022.


                              _____
                               CUSTODIAN OF RECORDS

Sworn and subscribed to before me on this ___ day of _____, 2022.

_____
NOTARY PUBLIC
My Commission Expires:

**IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT**

**DIANNA G. KINDINGER**                                                                    **PLAINTIFF**

**VERSUS**                                                    **CIVIL ACTION NO. 24CI1:22-cv-00057**

**WAL-MART STORES EAST, LP,**                                                    **DEFENDANTS**
**AND JOHN DOES 1-10**

## NOTICE OF SERVICE

      TO:    All Counsel of Record

      **PLEASE TAKE NOTICE** that the Plaintiff, Dianna Kindinger, has this day delivered, by

and through the undersigned counsel of record, the following discovery documents:

1. Plaintiff, Dianna Kindinger, delivered interrogatories to Defendant, Wal-Mart Stores East, LP.

2. Plaintiff, Dianna Kindinger, delivered requests for production of documents to Defendant, Wal-Mart Stores East, LP.

3. Plaintiff, Dianna Kindinger, delivered requests for admissions to Defendant, Wal-Mart Stores East, LP.

      The undersigned counsel retains the original of the above-referenced documents as

custodian thereof pursuant to Rule 5(d) of the *Mississippi Rules of Civil Procedure*.

      **RESPECTFULLY SUBMITTED**, this the 29th day of March, 2022.

DIANNA G. KINDINGER

*s/C. Ryan Bristol*

_____
C. Ryan Bristol, MS Bar No. 105260
*Attorney for the Plaintiff*

OF COUNSEL:
C. Ryan Bristol, MS Bar No. 105260
C. RYAN BRISTOL, PLLC
ATTORNEY AT LAW
4257 Popps Ferry Road
D'Iberville, Mississippi 39540
Telephone No. 228.967.7870
Fax No. 228.967.7335
cryanbristol@outlook.com

## **CERTIFICATE OF SERVICE**

I, C. Ryan Bristol, Esq. do hereby certify that on this day I electronically filed the foregoing

Notice of Service with the Clerk of the Court using the MEC system which sent notification of such

filing to the following:

W. Pemble DeLashmet, MS Bar No. 8840
Chad C. Marchand, MS Bar No.102752
Mignon M. DeLashmet, MS Bar No. 2896
DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, Alabama 36652
Telephone No. 251.433.1577
Fax No. 251.433.7994

THIS, the 29th day of March, 2022.

*s/C. Ryan Bristol*
_____
C. Ryan Bristol, MS Bar No. 105260
C. RYAN BRISTOL, PLLC
ATTORNEY AT LAW
4257 Popps Ferry Road
D'Iberville, Mississippi 39540
Telephone No. 228.967.7870
Fax No. 228.967.7335
cryanbristol@outlook.com

**IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI**
**FIRST JUDICIAL DISTRICT**

**DIANNA G. KINDINGER**                                          **PLAINTIFF**

**VERSUS**                              **CIVIL ACTION NO. 24CI1:22-cv-00057**

**WAL-MART STORES EAST, LP,**                              **DEFENDANTS**
**AND JOHN DOES 1-10**

<u>**NOTICE OF SERVICE**</u>

TO:    All Counsel of Record

**PLEASE TAKE NOTICE** that the Plaintiff, Dianna Kindinger, has this day delivered, by and through the undersigned counsel of record, the following discovery documents:

1. Plaintiff, Dianna Kindinger, delivered notarized answers to interrogatories to Defendant, Wal-Mart Stores East, LP.

2. Plaintiff, Dianna Kindinger, delivered responses to the first and second set of requests for production of documents to Defendant, Wal-Mart Stores East, LP.

3. Plaintiff, Dianna Kindinger, delivered responses to requests for admissions to Defendant, Wal-Mart Stores East, LP.

The undersigned counsel retains the original of the above-referenced documents as custodian thereof pursuant to Rule 5(d) of the *Mississippi Rules of Civil Procedure*.

**RESPECTFULLY SUBMITTED**, this the 21st day of April, 2022.

DIANNA G. KINDINGER

*s/C. Ryan Bristol*

_____
C. Ryan Bristol, MS Bar No. 105260
*Attorney for the Plaintiff*

OF COUNSEL:
C. Ryan Bristol, MS Bar No. 105260
C. RYAN BRISTOL, PLLC
ATTORNEY AT LAW
4257 Popps Ferry Road
D'Iberville, Mississippi 39540
Telephone No. 228.967.7870
Fax No. 228.967.7335
cryanbristol@outlook.com

## <u>CERTIFICATE OF SERVICE</u>

I, C. Ryan Bristol, Esq. do hereby certify that on this day I electronically filed the foregoing

Notice of Service with the Clerk of the Court using the MEC system which sent notification of such

filing to the following:

W. Pemble DeLashmet, MS Bar No. 8840
Chad C. Marchand, MS Bar No.102752
Mignon M. DeLashmet, MS Bar No. 2896
DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, Alabama 36652
Telephone No. 251.433.1577
Fax No. 251.433.7994

THIS, the 21st day of April, 2022.

*s/C. Ryan Bristol*

_____
C. Ryan Bristol, MS Bar No. 105260
C. RYAN BRISTOL, PLLC
ATTORNEY AT LAW
4257 Popps Ferry Road
D'Iberville, Mississippi 39540
Telephone No. 228.967.7870
Fax No. 228.967.7335
cryanbristol@outlook.com

**IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI**
**FIRST JUDICIAL DISTRICT**

DIANNA G. KINDINGER,                          *
                                              *
        Plaintiff,                            *
                                              *
vs.                                           *            CASE NO. 24CI1:22-CV-00057
                                              *
WAL-MART STORES EAST, LP                      *
JOHN DOES 1-10                                *
                                              *
                                              *
        Defendants.                           *


**REQUEST TO SERVE SUBPOENAS ON NON-PARTIES**

    Take notice that upon the expiration of fifteen (15) days (or such other time as the court

has allowed) from the date of service of this notice, Defendant Wal-Mart Stores East, LP, will

issue subpoenas to be directed to the non-parties whose addresses are listed below to produce

the documents and/or things identified in said subpoenas, at the time and place specifiedtherein:

    Singing River Health System/ Garden Park Medical Center
    ATTN: RECORDS CUSTODIAN
    2809 Denny Avenue
    Pascagoula, MS 39581

    Bienville Orthopaedic Specialists
    ATTN: RECORDS CUSTODIAN
    1720-A Medical Park Dr., Ste. 220
    Biloxi, MS  39532

    Suncoast Pain Management
    ATTN: RECORDS CUSTODIAN
    4 Doctor's Dr., Ste. C
    Ocean Springs, MS 39564

    Alpha Urgent Care
    ATTN: RECORDS CUSTODIAN
    921 Cedar Lake Rd., Ste. E
    Biloxi, MS 39532

Respectfully submitted,

/s/ W. Pemble DeLashmet
W. PEMBLE DELASHMET          (MS8840)
wpd@delmar-law.com
CHAD C. MARCHAND          (MS102752)
ccm@delmar-law.com
MIGNON M. DELASHMET          (MS2896)
mmd@delmar-law.com
*Attorneys for Defendant Wal-Mart Stores East, LP*

OF COUNSEL:

**DELASHMET & MARCHAND, P.C.**
Post Office Box 2047
Mobile, AL  36652
Telephone:      (251) 433-1577
Facsimile:      (251) 433-7994

## CERTIFICATE OF SERVICE

I hereby certify that I have on this day April 25, 2022 served a copy of the foregoing document upon counsel as listed below by Electronic Filing System and/or depositing the same in the U. S. Mail, postage prepaid and properly addressed.

C. Ryan Bristol
C. Ryan Bristol, PLLC Attorney at Law
4257 Popps Ferry Rd.
D'Iberville, MS   39540

/s/ W. Pemble DeLashmet
OF COUNSEL

2

## IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
### FIRST JUDICIAL DISTRICT

DIANNA G. KINDINGER,                     *
                                         *
          Plaintiff,                     *
                                         *
vs.                                      *          CASE NO. 24CI1:22-CV-00057
                                         *
WAL-MART STORES EAST, LP                 *
JOHN DOES 1-10                           *
                                         *
                                         *
          Defendants.                    *

### CIVIL SUBPOENA DUCES TECUM

STATE OF MISSISSIPPI:

**TO:    Alpha Urgent Care**
**ATTN: RECORDS CUSTODIAN**
**921 Cedar Lake Rd., Ste. E**
**Biloxi, MS 39532**

Pursuant to Rule 45(b)(2) of the Mississippi Rules of Civil Procedure, you are ordered to be and appear at the offices of DeLashmet & Marchand, 462 Dauphin Street, Mobile, Alabama 36602, within ten (10) days after service of this subpoena, and to produce and bring with him/her the following documents, or in the alternative, to mail the documents listed below to W. Pemble DeLashmet, 462 Dauphin Street, Mobile, Alabama 36602:

> ***CERTIFIED COPIES*** of your COMPLETE file, including, but not limited to, any and all records, emergency room records, outpatient records, radiological films and reports, writings, documents, reports, correspondence, memoranda, laboratory results, billing records showing all charges, payments and adjustments, ledgers, and in your possession or under your control relative to any examination, care and treatment of **Dianna Kindinger (DOB: 07/28/1950, SSN: xxx-xx-9746).**

Please COMPLETE the attached certificate and RETURN it with the records.

**PURSUANT TO THE HEALTH INSURANCE PORTABILITY AND ACCOUNTABILITY ACT OF 1996 (HIPAA), 45 C.F.R. § 164.512(e): The subject of these records, or his/her personal representative by and through his/her attorney of record, has been notified in writing of this subpoena for records. Attached hereto is a copy of the**

written notice, which included sufficient information about the litigation in which the protected health information is requested to permit the individual to raise an objection to the court.  The time for the individual to raise an objection to the court has elapsed and either no objections were filed, or any objections filed by the individual have been resolved by the court and the disclosures being sought are consistent with such a resolution.

> **Failure to comply with this subpoena may be grounds for contempt of Court.**

> **Consider this subpoena ongoing in nature.**  You must provide additional medical records and reports until litigation is concluded.

> **This subpoena duces tecum does not require your appearance.  The items requested may be delivered by you in person or by United States mail to arrive at the aforesaid location on or before the date and time stated herein.**

> **HEREIN YOU SHALL NOT FAIL UNDER PENALTY IN SUCH CASE PROVIDED**, and have then and there this writ.

WITNESS my signature and seal of office this the 21 day of April , 2022.

Clerk of Circuit Court
Harrison County, Mississippi

By: _____
Deputy Clerk

CONNIE LADNER, CIRCUIT CLERK
HARRISON COUNTY
PO BOX 998
GULFPORT, MS 39502

## RETURN ON SERVICE

Received this subpoena at _____.m. on_____ and on _____ at _____.m. I served it on the within named _____ by delivering a copy of this civil subpoena.

Dated _____, 2022.

_____  _____
Process Server

## IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
## FIRST JUDICIAL DISTRICT

DIANNA G. KINDINGER,                    *
                                        *
        Plaintiff,                      *
                                        *
vs.                                     *        CASE NO. 24CI1:22-CV-00057
                                        *
WAL-MART STORES EAST, LP                *
JOHN DOES 1-10                          *
                                        *
                                        *
        Defendants.                     *

## CERTIFICATE

I, _____, hereby certify and affirm in writing, that I am the Record

Custodian for **Alpha Urgent Care** and that the within copy of said records are an exact, full, true

and correct copy of said medical records pertaining to **Dianna Kindinger** kept in the records

office.

I further certify that I am personally familiar with and know that the records were made

and kept in the usual and regular course of business of said office and it was in the regular course

of business of said office to make and keep said records and that said records were made at the

time of the acts, transactions, occurrences or events to which they refer, or within a reasonable

time thereafter. All of which I hereby certify and affirm on this _____ day of _____, 2022.


                        _____
                        CUSTODIAN OF RECORDS

Sworn and subscribed to before me on this ___ day of _____, 2022.

_____

NOTARY PUBLIC
My Commission Expires:

## IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
## FIRST JUDICIAL DISTRICT

DIANNA G. KINDINGER,      \*

        \*

    Plaintiff,        \*

        \*

vs.        \*    CASE NO. 24CI1:22-CV-00057

        \*

WAL-MART STORES EAST, LP    \*

JOHN DOES 1-10        \*

        \*

        \*

    Defendants.        \*

## CIVIL SUBPOENA DUCES TECUM

STATE OF MISSISSIPPI:

**TO:**    **Suncoast Pain Management**
        **ATTN: RECORDS CUSTODIAN**
        **4 Doctor's Dr., Ste. C**
        **Ocean Springs, MS 39564**

    Pursuant to Rule 45(b)(2) of the Mississippi Rules of Civil Procedure, you are ordered to be and appear at the offices of DeLashmet & Marchand, 462 Dauphin Street, Mobile, Alabama 36602, within ten (10) days after service of this subpoena, and to produce and bring with him/her the following documents, or in the alternative, to mail the documents listed below to W. Pemble DeLashmet, 462 Dauphin Street, Mobile, Alabama 36602:

        **\*\*\*CERTIFIED COPIES\*\*\*** of your COMPLETE file, including, but not limited to, any and all records, emergency room records, outpatient records, radiological films and reports, writings, documents, reports, correspondence, memoranda, laboratory results, billing records showing all charges, payments and adjustments, ledgers, and in your possession or under your control relative to any examination, care and treatment of **Dianna Kindinger (DOB: 07/28/1950, SSN: xxx-xx-9746).**

    Please COMPLETE the attached certificate and RETURN it with the records.

    **PURSUANT TO THE HEALTH INSURANCE PORTABILITY AND ACCOUNTABILITY ACT OF 1996 (HIPAA), 45 C.F.R. § 164.512(e): The subject of these records, or his/her personal representative by and through his/her attorney of record, has been notified in writing of this subpoena for records. Attached hereto is a copy of the**

written notice, which included sufficient information about the litigation in which the protected health information is requested to permit the individual to raise an objection to the court. The time for the individual to raise an objection to the court has elapsed and either no objections were filed, or any objections filed by the individual have been resolved by the court and the disclosures being sought are consistent with such a resolution.

Failure to comply with this subpoena may be grounds for contempt of Court.

**Consider this subpoena ongoing in nature.** You must provide additional medical records and reports until litigation is concluded.

**This subpoena duces tecum does not require your appearance.** The items requested may be delivered by you in person or by United States mail to arrive at the aforesaid location on or before the date and time stated herein.

**HEREIN YOU SHALL NOT FAIL UNDER PENALTY IN SUCH CASE PROVIDED**, and have then and there this writ.

WITNESS my signature and seal of office this the 21 day of April, 2022.

Clerk of Circuit Court
Harrison County, Mississippi

By: _____
        Deputy Clerk

CONNIE LADNER, CIRCUIT CLERK
HARRISON COUNTY
PO BOX 998
GULFPORT, MS 39502

## RETURN ON SERVICE

Received this subpoena at _____.m. on_____ and on _____ at _____.m. I served it on the within named _____ by delivering a copy of this civil subpoena.

Dated _____ _____, 2022.

_____

Process Server

## IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
## FIRST JUDICIAL DISTRICT

DIANNA G. KINDINGER,                    *
                                        *
    Plaintiff,                      *
                                        *
vs.                                     *        CASE NO. 24CI1:22-CV-00057
                                        *
WAL-MART STORES EAST, LP                *
JOHN DOES 1-10                          *
                                        *
                                        *
    Defendants.                     *

### CERTIFICATE

    I, _____, hereby certify and affirm in writing, that I am the Record

Custodian for **Suncoast Pain Management** and that the within copy of said records are an exact,

full, true and correct copy of said medical records pertaining to **Dianna Kindinger** kept in the

records office.

    I further certify that I am personally familiar with and know that the records were made

and kept in the usual and regular course of business of said office and it was in the regular course

of business of said office to make and keep said records and that said records were made at the

time of the acts, transactions, occurrences or events to which they refer, or within a reasonable

time thereafter.  All of which I hereby certify and affirm on this _____day of _____, 2022.


_____
CUSTODIAN OF RECORDS


    Sworn and subscribed to before me on this ___ day of _____, 2022.

NOTARY PUBLIC
My Commission Expires:

## IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
## FIRST JUDICIAL DISTRICT

DIANNA G. KINDINGER,             *

        *

    Plaintiff,             *

        *

vs.                     *      CASE NO. 24CI1:22-CV-00057

        *

WAL-MART STORES EAST, LP     *

JOHN DOES 1-10          *

        *

        *

    Defendants.         *

### CIVIL SUBPOENA DUCES TECUM

STATE OF MISSISSIPPI:

**TO:**   **Bienville Orthopaedic Specialists**
       **ATTN: RECORDS CUSTODIAN**
       **1720-A Medical Park Dr., Ste. 220**
       **Biloxi, MS 39532**

      Pursuant to Rule 45(b)(2) of the Mississippi Rules of Civil Procedure, you are ordered to be and appear at the offices of DeLashmet & Marchand, 462 Dauphin Street, Mobile, Alabama 36602, within ten (10) days after service of this subpoena, and to produce and bring with him/her the following documents, or in the alternative, to mail the documents listed below to W. Pemble DeLashmet, 462 Dauphin Street, Mobile, Alabama 36602:

>       **\*\*\*CERTIFIED COPIES\*\*\*** of your COMPLETE file, including, but not limited to, any and all records, emergency room records, outpatient records, radiological films and reports, writings, documents, reports, correspondence, memoranda, laboratory results, billing records showing all charges, payments and adjustments, ledgers, and in your possession or under your control relative to any examination, care and treatment of **Dianna Kindinger (DOB: 07/28/1950, SSN: xxx-xx-9746).**

      Please COMPLETE the attached certificate and RETURN it with the records.

      **PURSUANT TO THE HEALTH INSURANCE PORTABILITY AND ACCOUNTABILITY ACT OF 1996 (HIPAA), 45 C.F.R. § 164.512(e): The subject of these records, or his/her personal representative by and through his/her attorney of record, has been notified in writing of this subpoena for records. Attached hereto is a copy of the**

written notice, which included sufficient information about the litigation in which the protected health information is requested to permit the individual to raise an objection to the court. The time for the individual to raise an objection to the court has elapsed and either no objections were filed, or any objections filed by the individual have been resolved by the court and the disclosures being sought are consistent with such a resolution.

   **Failure to comply with this subpoena may be grounds for contempt of Court.**

   **Consider this subpoena ongoing in nature.** You must provide additional medical records and reports until litigation is concluded.

   **This subpoena duces tecum does not require your appearance. The items requested may be delivered by you in person or by United States mail to arrive at the aforesaid location on or before the date and time stated herein.**

   **HEREIN YOU SHALL NOT FAIL UNDER PENALTY IN SUCH CASE PROVIDED**, and have then and there this writ.

WITNESS my signature and seal of office this the 27 day of April , 2022.

     Clerk of Circuit Court
     Harrison County, Mississippi

     By: _____
       Deputy Clerk

     CONNIE LADNER, CIRCUIT CLERK
     HARRISON COUNTY
     PO BOX 998
     GULFPORT, MS 39502

## RETURN ON SERVICE

     Received this subpoena at _____.m. on_____ and on _____ at _____.m. I served it on the within named _____ by delivering a copy of this civil subpoena.

Dated _____, 2022.

 

                                   _____

                                   Process Server

## IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
## FIRST JUDICIAL DISTRICT

DIANNA G. KINDINGER,                     *
                                         *
        Plaintiff,                       *
                                         *
vs.                                      *       CASE NO. 24CI1:22-CV-00057
                                         *
WAL-MART STORES EAST, LP                 *
JOHN DOES 1-10                           *
                                         *
                                         *
        Defendants.                      *


## <u>CERTIFICATE</u>

I, _____, hereby certify and affirm in writing, that I am the Record

Custodian for **Bienville Orthopaedic Specialists** and that the within copy of said records are an

exact, full, true and correct copy of said medical records pertaining to **Dianna Kindinger** kept in

the records office.

I further certify that I am personally familiar with and know that the records were made

and kept in the usual and regular course of business of said office and it was in the regular course

of business of said office to make and keep said records and that said records were made at the

time of the acts, transactions, occurrences or events to which they refer, or within a reasonable

time thereafter.  All of which I hereby certify and affirm on this _____day of _____, 2022.


                            _____
                            CUSTODIAN OF RECORDS

Sworn and subscribed to before me on this ___ day of _____, 2022.

NOTARY PUBLIC
My Commission Expires:

## IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
## FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| DIANNA G. KINDINGER, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | CASE NO. 24CI1:22-CV-00057 |
| | * | |
| WAL-MART STORES EAST, LP | * | |
| JOHN DOES 1-10 | * | |
| | * | |
| | * | |
| Defendants. | * | |

### CIVIL SUBPOENA DUCES TECUM

STATE OF MISSISSIPPI:

TO:   **Singing River Health System/ Garden Park Medical Center**
      **ATTN: RECORDS CUSTODIAN**
      **2809 Denny Avenue**
      **Pascagoula, MS 39581**

Pursuant to Rule 45(b)(2) of the Mississippi Rules of Civil Procedure, you are ordered to be and appear at the offices of DeLashmet & Marchand, 462 Dauphin Street, Mobile, Alabama 36602, within ten (10) days after service of this subpoena, and to produce and bring with him/her the following documents, or in the alternative, to mail the documents listed below to W. Pemble DeLashmet, 462 Dauphin Street, Mobile, Alabama 36602:

> **\*\*\*CERTIFIED COPIES\*\*\*** of your COMPLETE file, including, but not limited to, any and all records, emergency room records, outpatient records, radiological films and reports, writings, documents, reports, correspondence, memoranda, laboratory results, billing records showing all charges, payments and adjustments, ledgers, and in your possession or under your control relative to any examination, care and treatment of **Dianna Kindinger (DOB: 07/28/1950, SSN: xxx-xx-9746).**

Please COMPLETE the attached certificate and RETURN it with the records.

**PURSUANT TO THE HEALTH INSURANCE PORTABILITY AND ACCOUNTABILITY ACT OF 1996 (HIPAA), 45 C.F.R. § 164.512(e):  The subject of these records, or his/her personal representative by and through his/her attorney of record, has been notified in writing of this subpoena for records.  Attached hereto is a copy of the**

written notice, which included sufficient information about the litigation in which the protected health information is requested to permit the individual to raise an objection to the court. The time for the individual to raise an objection to the court has elapsed and either no objections were filed, or any objections filed by the individual have been resolved by the court and the disclosures being sought are consistent with such a resolution.

Failure to comply with this subpoena may be grounds for contempt of Court.

**Consider this subpoena ongoing in nature.** You must provide additional medical records and reports until litigation is concluded.

**This subpoena duces tecum does not require your appearance. The items requested may be delivered by you in person or by United States mail to arrive at the aforesaid location on or before the date and time stated herein.**

**HEREIN YOU SHALL NOT FAIL UNDER PENALTY IN SUCH CASE PROVIDED**, and have then and there this writ.

WITNESS my signature and seal of office this the 27 day of April , 2022.

Clerk of Circuit Court
Harrison County, Mississippi

By: _Katergnn mkewe_
Deputy Clerk

CONNIE LADNER, CIRCUIT CLERK
HARRISON COUNTY
PO BOX 998
GULFPORT, MS 39502

## RETURN ON SERVICE

Received this subpoena at _____.m. on_____ and on _____ at _____.m. I served it on the within named _____ by delivering a copy of this civil subpoena.

Dated _____, 2022.

_____
Process Server

## IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
## FIRST JUDICIAL DISTRICT

DIANNA G. KINDINGER,                   *

                    *

       Plaintiff,                *

                    *

vs.                        *        CASE NO. 24CI1:22-CV-00057

                    *

WAL-MART STORES EAST, LP      *

JOHN DOES 1-10             *

                    *

       Defendants.           *

## CERTIFICATE

I, _____, hereby certify and affirm in writing, that I am the Record Custodian for **Singing River Health System/ Garden Park Medical Center** and that the within copy of said records are an exact, full, true and correct copy of said medical records pertaining to **Dianna Kindinger** kept in the records office.

I further certify that I am personally familiar with and know that the records were made and kept in the usual and regular course of business of said office and it was in the regular course of business of said office to make and keep said records and that said records were made at the time of the acts, transactions, occurrences or events to which they refer, or within a reasonable time thereafter. All of which I hereby certify and affirm on this _____ day of _____, 2022.

_____

CUSTODIAN OF RECORDS

Sworn and subscribed to before me on this ___ day of _____, 2022.

_____

NOTARY PUBLIC
My Commission Expires:

**IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI**
**FIRST JUDICIAL DISTRICT**

| | | |
|---|---|---|
| DIANNA G. KINDINGER, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | CASE NO. 24CI1:22-CV-00057 |
| | * | |
| WAL-MART STORES EAST, LP | * | |
| JOHN DOES 1-10 | * | |
| | * | |
| | * | |
| Defendants. | * | |

**REQUEST TO SERVE SUBPOENAS ON NON-PARTIES**

Take notice that upon the expiration of fifteen (15) days (or such other time as the court has allowed) from the date of service of this notice, Defendant Wal-Mart Stores East, LP, will issue a subpoena to be directed to the non-party whose address is listed below to produce the documents and/or things identified in said subpoena, at the time and place specifiedtherein:

Walmart Pharmacy
ATTN: RECORDS CUSTODIAN
702 SW 8th Street
Mail Stop 0215
Bentonville, AR 72716-0215

Respectfully submitted,

/s/ W. Pemble DeLashmet
W. PEMBLE DELASHMET          (MS8840)
wpd@delmar-law.com
CHAD C. MARCHAND          (MS102752)
ccm@delmar-law.com
MIGNON M. DELASHMET          (MS2896)
mmd@delmar-law.com
*Attorneys for Defendant Wal-Mart Stores, Inc.*

OF COUNSEL:

**DELASHMET & MARCHAND, P.C.**
Post Office Box 2047
Mobile, AL  36652
Telephone:    (251) 433-1577
Facsimile:    (251) 433-7994

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have on this day May 04, 2022 served a copy of the foregoing document upon counsel as listed below by Electronic Filing System, email, and/or depositing the same in the U. S. Mail, postage prepaid and properly addressed.

C. Ryan Bristol
C. Ryan Bristol, PLLC Attorney at Law
4257 Popps Ferry Rd.
D'Iberville, MS   39540

*/s/ W. Pemble DeLashmet*
OF COUNSEL

2

## IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
### FIRST JUDICIAL DISTRICT

DIANNA G. KINDINGER,                       *
                                           *
        Plaintiff,                         *
                                           *
vs.                                        *        CASE NO. 24CI1:22-CV-00057
                                           *
WAL-MART STORES EAST, LP                   *
JOHN DOES 1-10                             *
                                           *
                                           *
        Defendants.                        *

### CIVIL SUBPOENA DUCES TECUM

STATE OF MISSISSIPPI:

TO:   **Walmart Pharmacy**
      **ATTN: RECORDS CUSTODIAN**
      **702 SW 8th Street**
      **Mail Stop 0215**
      **Bentonville, AR 72716-0215**

Pursuant to Rule 45(b)(2) of the Mississippi Rules of Civil Procedure, you are ordered to be and appear at the offices of DeLashmet & Marchand, 462 Dauphin Street, Mobile, Alabama 36602, within ten (10) days after service of this subpoena, and to produce and bring with him/her the following documents, or in the alternative, to mail the documents listed below to W. Pemble DeLashmet, 462 Dauphin Street, Mobile, Alabama 36602:

> **\*\*\*CERTIFIED\*\*\*** A copy of any and all documents, notes, computer listings, or other documents pertaining to the prescriptions or other medications filled for, or on behalf of, **Dianna Kindinger (DOB: 07/28/1950, SSN: xxx-xx-9746)** including, but not limited to, any and all statements, bills, insurance payments, and ledgers for said prescriptions and/or medications.

Please COMPLETE the attached certificate and RETURN it with the records.

**PURSUANT TO THE HEALTH INSURANCE PORTABILITY AND ACCOUNTABILITY ACT OF 1996 (HIPAA), 45 C.F.R. § 164.512(e): The subject of these records, or his/her personal representative by and through his/her attorney of record, has**

been notified in writing of this subpoena for records.  Attached hereto is a copy of the written notice, which included sufficient information about the litigation in which the protected health information is requested to permit the individual to raise an objection to the court.  The time for the individual to raise an objection to the court has elapsed and either no objections were filed, or any objections filed by the individual have been resolved by the court and the disclosures being sought are consistent with such a resolution.

**Failure to comply with this subpoena may be grounds for contempt of Court.**

**Consider this subpoena ongoing in nature.**  You must provide additional medical records and reports until litigation is concluded.

**This subpoena duces tecum does not require your appearance.  The items requested may be delivered by you in person or by United States mail to arrive at the aforesaid location on or before the date and time stated herein.**

**HEREIN YOU SHALL NOT FAIL UNDER PENALTY IN SUCH CASE PROVIDED**, and have then and there this writ.

WITNESS my signature and seal of office this the ___9___ day of ___May___, 2022.

Clerk of Circuit Court
Harrison County, Mississippi

By: ___Kanderson___
Deputy Clerk

## RETURN ON SERVICE

Received this subpoena at _____.m. on_____ and on _____ at _____.m. I served it on the within named _____ by delivering a copy of this civil subpoena.

Dated _____, 2022.

_____    _____
Process Server

## IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
## FIRST JUDICIAL DISTRICT

DIANNA G. KINDINGER,                    *
                                        *
    Plaintiff,                          *
                                        *
vs.                                     *          CASE NO. 24CI1:22-CV-00057
                                        *
WAL-MART STORES EAST, LP                *
JOHN DOES 1-10                          *
                                        *
                                        *
    Defendants.                         *

## **CERTIFICATE**

I, _____ _____, hereby certify and affirm in writing, that I am the Record

Custodian for **Walmart Pharmacy** and that the within copy of said records are an exact, full,

true and correct copy of said medical records pertaining to **Dianna Kindinger** kept in the

records office.

I further certify that I am personally familiar with and know that the records were made

and kept in the usual and regular course of business of said office and it was in the regular course

of business of said office to make and keep said records and that said records were made at the

time of the acts, transactions, occurrences or events to which they refer, or within a reasonable

time thereafter. All of which I hereby certify and affirm on this _____ day of _____, 2022.

_____
CUSTODIAN OF RECORDS

Sworn and subscribed to before me on this ___ day of _____, 2022.

_____
NOTARY PUBLIC
My Commission Expires:

**IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI**
**FIRST JUDICIAL DISTRICT**

DIANNA G. KINDINGER,                    *
                                        *
        Plaintiff,                      *
                                        *
vs.                                     *        CASE NO. 24CI1:22-CV-00057
                                        *
WAL-MART STORES EAST, LP                *
JOHN DOES 1-10                          *
                                        *
                                        *
        Defendants.                     *

### NOTICE OF SERVICE

COMES NOW Defendant, WAL-MART STORES EAST, LP., and hereby gives notice to the

Court that the following has been served on Plaintiff:

1.    Defendant's Response to Plaintiff's First Set of Interrogatories
2.    Defendant's Response to Plaintiff's First Request for Production of Documents.

/s/ W. Pemble Delashmet
W. PEMBLE DELASHMET  (MS 8840)
wpd@delmar-law.com
CHAD C. MARCHAND        (MS 102752)
ccm@delmar-law.com
MIGNON M. DELASHMET  (MS 2896)
mmd@delmar-law.com
*Attorneys for Defendant Wal-Mart Stores East, LP*

OF COUNSEL:

DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, AL  36652
Telephone:    (251) 433-1577
Facsimile:    (251) 433-7994

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have on this day May 11, 2022 served a copy of the foregoing document upon counsel as listed below by electronic mail and/or depositing the same in the U. S. Mail, postage prepaid and properly addressed.

C. Ryan Bristol
C. Ryan Bristol, PLLC Attorney at Law
4257 Popps Ferry Rd.
D'Iberville, MS   39540

*/s/ W. Pemble DeLashmet*
OF COUNSEL

2